UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ROCKWELL AUTOMATION, INC. and :
ROCKWELL AUTOMATION :
TECHNOLOGIES, INC., :
:
    Plaintiffs, :   CASE NO. 1: 12-MC-108
 v. :   OPINION & ORDER
:   [Resolving Docs. No. 1,2]
WAGO CORPORATION and W AGO :
KONTAKTTECHNIK GMBH & CO. KG :
:
    Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this patent infringement dispute, plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (collectively "Rockwell") say defendants WAGO Corporation and WAGO Kontakettechnik Gmb H& Co. KG (collectively "WAGO") infringe a number of Rockwell's patents. Non-parties Alan Cribbs and Shelly Urdaneta move to quash subpoenas issued by WAGO. For the following reasons, the Court **DENIES** the motion to quash.

On August 15, 2012, Cribbs and Urdaneta moved to quash subpoenas to appear that same day. [Doc. 1 at 1]. They filed the motions to quash after the time they were noticed to appear. With their motion, Cribbs and Urdaneta ask this Court to quash the subpoenas because they say WAGO provided insufficient notice of the depositions and because an associated document requests is an

-1-

Case No. 1:12-MC-108
Gwin, J.

undue burden onto non-parties. WAGO counters that the motion to quash Cribbs' subpoena is untimely, that the subpoenas were served expeditiously, that it needs this discovery in advance of its August 31 deadline to file motions *in limine*, and that if Cribbs and Urdaneta could not attend the scheduled depositions, they should be rescheduled, not quashed.

Rule 45 of the Federal Rules of Civil Procedure governs quashing subpoenas. Fed. R. Civ. P. 45. A court must quash a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden. *Id*. at (c)(3)(A)(i)-(iv). The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena, *id*. at (c)(1), but "[t]he movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure." *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008). "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Id* (internal citation and quotation marks omitted). Any motion to quash must be "timely." Fed. R. Civ. P. 45(c)(3)(a).

There seems to be little dispute in this case that WAGO is entitled to the substance of the discovery it seeks. Instead, Cribbs and Urdaneta say only that they were given insufficient time to comply with the subpoena and that the requests for document production is an undue burden. Cribbs and Urdaneta fail to meet their burden on either ground.

First, the notice provided for the subpoenas is reasonable given the August 31, 2012, discovery deadline in this case. Cribbs and Urdaneta suggest that one week's notice ought not be considered

Case No. 1:12-MC-108
Gwin, J.

adequate in cases involving no urgency. [Doc. 1 at 5] (citing *Mann v. Univ. of Cincinnati*, 824 F. Supp. 1190, (S.D.O.H. 1993)). While that may sometimes be the case, it is not the case here: A deadline looms. Cribbs and Urdaneta's bare assertion that the time provided is not reasonable does not sustain their burden.

Second, Cribbs and Urdaneta fail to show that the subpoenas impose an "undue burden." In support of this contention, Cribbs and Urdaneta say only that they will have to produce "vast amounts of documents" identified by "sixteen different categories." [Doc. 1 at 5]. They do not suggest what the burden of complying with this request will actually be, why compliance is unreasonable, nor what would be a reasonable time to comply. Accordingly, Cribbs and Urdaneta have not shown that the subpoenas unduly burden them in violation of Rule 45.

Finally, Cribbs' motion to quash is untimely. Cribbs offers no reason for filing a motion to quash more than two hours after his deposition was set to begin. Whatever timeliness may mean, it cannot excuse such unexplained tardiness in this case.

Movants have already received additional time to comply by avoiding the scheduled depositions. They have not satisfied their burden of showing that the time specified in the subpoena was either unreasonable nor that the subpoenas impose undue burdens. Accordingly, the Court **DENIES** Cribbs and Urdaneta's motion to quash.

IT IS SO ORDERED.

Dated: August 17, 2012         s/         *James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE